IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

PAUL GRAHAME MORGAN                                                          PLAINTIFF

VS.                                                   CIVIL ACTION NO. 2:07cv15 KS MTP

STATE OF MISSISSIPPI, et al.                                               DEFENDANTS

### ORDERING DENYING MOTION FOR PRELIMINARY INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER

THIS MATTER came the court on plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order [13] [14], and the court having considered the motion and having heard from the parties at a hearing held this day finds that the motion should be DENIED.

In order to obtain injunctive relief, a plaintiff must satisfy the stringent test set forth in *Mississippi Power & Light Co. v. United Gas Pipe Co.*, 760 F.2d 618 (5th Cir. 1985) *citing Canal Authority of State Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974). The granting or denial of a motion for a temporary restraining order rests in the sound discretion of the trial court. *Canal Authority of State Florida v. Callaway*, 489 F.2d at 572.

However, the movant bears the burden of satisfying the four prerequisites for the extraordinary relief of a temporary restraining order. *Id.* at 572. The four requisites are (1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and, 4) the injunction must not have an

1

adverse effect on the public interest. *Id.* at 572.  These requirements are not balanced, but rather each one must be met before the court can grant such a drastic remedy as a temporary restraining order.  *Mississippi Power & Light Co. v. United Gas Pipe Co.*, 760 F.2d at 621.  "In considering these four prerequisites, the court must bear in mind that a preliminary injunction is an *extraordinary and drastic remedy* which should not be granted unless the movant clearly carries the burden of persuasion.  The primary justification for applying this remedy is to preserve the court's ability to render a meaningful decision on the merits."  *Canal Authority of State Florida v. Callaway*, 489 F.2d at 573 (emphasis added).

It appears from the docket and from the testimony at the hearing that the demand for injunctive relief is moot.  Plaintiff's motion seeks to enjoin "double racking" at South Mississippi Correctional Institution (SMCI).  However, plaintiff is no longer housed at SMCI, thereby rendering plaintiff's request moot.  *Brown v. Felts*, 128 Fed. Appx. 345 (5th Cir. 2005) (transfer of prisoner to another facility rendered moot issues concerning confinement at prison from which he was transferred); *see also Herman v. Holiday,* 238 F.3d 660 (5th Cir. 2001)(transfer rendered claims for injunctive relief moot).

Thus, this court is not confronted with an issue that demands immediate attention and it appears that the remaining issues in this matter can be addressed on their merits in due course.  Moreover, as set forth at the hearing, notwithstanding the plaintiff's transfer, the motion does not sufficiently establish a showing of immediate or irreparable harm or any substantial likelihood that plaintiff would prevail on the merits.

IT IS, THEREFORE, ORDERED that plaintiff's motion for preliminary injunction and/or for Temporary Retraining Order [13] [14] is denied.

SO ORDERED ON the 7th day of August, 2007.

                                                s/ Michael T. Parker
                                                United States Magistrate Judge