IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

PAUL GRAHAME MORGAN                                                                    PLAINTIFF

V.                                                                    CIVIL ACTION NO. 2:07cv15-MTP

STATE OF MISSISSIPPI, et al.                                                           DEFENDANTS

**OPINION AND ORDER**

THIS MATTER is before the court *sua sponte* for consideration of the plaintiff's claims set forth in his pleadings and as asserted during his *Spears* hearing on August 7, 2007. As the plaintiff has alleged numerous claims against numerous defendants, the court has screened this matter for the orderly disposition of the case pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

IT IS, THEREFORE, ORDERED:

1.   That plaintiff's claims for denial of access to the courts/legal materials and that the Administrative Remedy Program ("ARP") is inadequate, are DISMISSED with prejudice. Plaintiff testified at his *Spears* hearing that his claim for denial of access to the courts/legal materials was temporary–while he was in the infirmary–and that he ultimately was able to file what he needed with the ARP and with this court. Because plaintiff has failed to show any actual

---

[1]Section 1915(e)(2) states as follows:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
. . .
(B) the action or appeal--
(i)     is frivolous or malicious;
(ii)    fails to state a claim on which relief may be granted; or
(iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

injury as result of his claims for denial of access to the courts, such claims are properly dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  *See Dickerson v. Jordan*, 34 Fed. Appx. 962, No. 01-21106, 2002 WL 663719, at *1 (5th Cir. March 26, 2002) (affirming dismissal of claim for denial of access to courts pursuant to § 1915(e)(2)(B) because plaintiff failed to allege an actual injury); *Morgan v. Goodwin*, 193 F.3d 1518, No. 98-21069, 1999 WL 706222, at *1 (5th Cir. Aug. 24, 1999) (affirming dismissal of claim for denial of access to courts pursuant to § 1915(e)(2)(B) because plaintiff failed to prove that his legal position was prejudiced by the alleged violation; plaintiff failed to allege which claims he was prevented from presenting to the courts).

      2.     That plaintiff's claim for inadequate pest control is DISMISSED with prejudice.  During his *Spears* hearing, the plaintiff advised the court that he did not want to pursue his claim for inadequate pest control.

      3.     That plaintiff's request for the court to grant him "class-action status" and his request to bring claims on behalf of a class of similarly situated inmates is DENIED.[2]  Further, to the extent the plaintiff has stated claims on behalf of other inmates, those claims are DISMISSED without prejudice.  "[A] section 1983 claim must be based upon the violation of [a] plaintiff's personal rights, and not the rights of someone else." *See Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990); *see also Brumfield v. Jones*, 849 F.2d 152, 154-55 (5th Cir. 1988); *Coon v. Ledbetter*, 780 F.2d 1158, 1160-61 (5th Cir. 1986); *King v. Corrections Corp. of*

---

[2]The plaintiff has not filed a motion for certification of class action status; rather, in his complaint [1], he requests the court to "grant [him] class-action status, on the plaintiff's own behalf and on the behalf of all inmates at MSP, CMCF and SMCI at the present, dated as the filing of this claim, and in the future who are similarly situated and/or violated by the State of Mississippi, MDOC personnel and/or the Medical Provider(s) for MDOC." *See* Complaint [1] at p. 34.

*Am.*, No. 4:06CV77-P-A, 2006 WL 2265064, at *1 (N.D. Miss. July 31, 2006); *Cortez Holloway v. Marion County*, No. CivA 2:03cv599-MTP, 2006 WL 3398745, at *1 n.6 (S.D. Miss. Nov. 21, 2006).  Moreover, a class action "may proceed *only* if the party seeking certification demonstrates that all four requirements of Rule 23(a)[3] are met, and that and that at least one of three requirements of Rule 23(b) are met."  *Vizena v. Union Pacific R.R. Co.*, 360 F.3d 496, 503 (5th Cir. 2004) (citing Fed. R Civ. P. 23 (a-b)); *Scott v. Reese*, No. Civ.A 5:05cv45DCBMTP, 2007 WL 1218764, at *1 (S.D. Miss. Apr. 23, 2007).  The plaintiff has failed to allege, much less establish, that the four prerequisites set forth in Rule 23(a) are met.

      SO ORDERED this the 28th day of September, 2007.

                                      s/ Michael T. Parker
                                      United States Magistrate Judge

---

[3]The four prerequisites contained in Fed. R. Civ. P. 23(a) are as follows:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).