**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**PAUL GRAHAME MORGAN**                                    **PLAINTIFF**

**V.**                                               **CIVIL ACTION NO. 2:07cv15-MTP**

**STATE OF MISSISSIPPI,** *et al.*                                **DEFENDANTS**

**OPINION AND ORDER**

THIS MATTER is before the court *sua sponte* for evaluation pursuant to 28 U.S.C. § 1915(e)(2),[1] and on the Motion to Dismiss [26] filed by the following defendants: the State of Mississippi, Christopher Epps, Emmitt Sparkman, Ron King, Lawrence Kelly, Margaret Bingham, Larry Hardy, James Johnson, Lloyd Beasley, Jason Holmes, Hubert Davis, and Rita Bonner (the "Moving Defendants").[2] The Moving Defendants claim that plaintiff's allegations fail to state a claim upon which relief may be granted and that they are entitled to immunity from plaintiff's claims by virtue of the Eleventh Amendment. Having reviewed the submissions of the parties and the applicable law, the court finds that the Motion [26] should be GRANTED in part and DENIED in part. The court further finds that defendant Larry Hardy should be dismissed from this action with prejudice.

FACTUAL BACKGROUND

Plaintiff Paul Grahame Morgan is currently incarcerated in the South Mississippi Correctional Institution ("SMCI"), serving an eight-year sentence for two counts of the unlawful touching of a child and one count of child molestation.[3] Plaintiff, proceeding *pro se* and *in forma*

---

[1] The plaintiff is proceeding *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915.

[2] Since the filing of the Motion [26] on June 6, 2007, defendants Lloyd Beasley and James Johnson have been dismissed from this action. *See* Order [101]; Text Order dated 2/5/08.

[3] *See* MDOC database, http://www.mdoc.state.ms.us/InmateDetails.asp?PassedId=53437.

*pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983 on January 24, 2007. Plaintiff named approximately thirty-five defendants in his complaints and various amended complaints. Plaintiff alleged claims against the defendants in their official and individual capacities for the denial and/or delay of adequate medical treatment, improper conditions of confinement, violation of his freedom of religion, violation of his right to be free from illegal searches and seizures under the Fourth Amendment, denial of access to the courts, an inadequate Administrative Remedy Program ("ARP"), and violation of the Americans with Disabilities Act ("ADA").

The court has dismissed plaintiff's claims for denial of access to the courts/legal materials, an inadequate ARP, inadequate pest control, his request for class-action status, and his claims made on behalf of other inmates. *See* Order [77]. In addition, the following defendants have either been dismissed from this action or were not allowed to be added as parties by amendment: Richard Bazzle, Dr. Wiggins, Mr. Blackstone, Lloyd Beasley, James Johnson, the ACA Auditors, Chaplin Cotes, and the Post Master at SMCI. *See* Orders [71], [73], [101], [102], and Text Order dated 2/4/08. Accordingly, the following twenty-six defendants remain in this action: the State of Mississippi, Christopher Epps, Emmitt Sparkman, Ron King, Lawrence Kelly, Margaret Bingham, Larry Hardy, Gwendolyn Chunn, Bobby King, Dr. Beary, Ruthie Hall, Millis Washington, Dr. Arnold,[4] Dr. Walker, Jason Holmes, Dr. Watts, Dr. McCleave, Dr. Ron Woodall, the CEO of CMS, the CEO of Wexford, Hubert Davis, Rita Bonner, Captain Brenda Simms, Dr. Emil Daneff, Captain Sharon Page, and Captain Nina Enlers.

On June 6, 2007, the Moving Defendants filed their Motion to Dismiss [26]. The plaintiff filed his Responses [42] [43] in opposition to the motion on or about June 26, 2007.

---

[4]The court entered an Order [98] directing that summons for Dr. Patrick Arnold be issued and served at his last known address provided by the defendants. However, the summons was returned unexecuted, indicating that Dr. Arnold no longer resides at the address provided to the court. *See* [116]. Accordingly, Dr. Arnold has not been properly served with process.

STANDARD

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). However, in order to survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (holding that "dismissal for failure to state a claim upon which relief may be granted *does not require* appearance, beyond a doubt, that plaintiff can prove no set of facts in support of claim that would entitle him to relief," abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)) (emphasis added); *see also In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). Plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 127 S. Ct. at 1965.

Additionally, because the plaintiff is proceeding *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See also Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim). "A complaint is frivolous if it lacks an arguable basis in law or in fact." *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). This court is "vested with especially broad discretion in making the determination of whether an IFP proceeding is frivolous." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

ANALYSIS

Defendant Larry Hardy

As a preliminary matter, the court finds that plaintiff's claims against defendant Larry Hardy fail to state a claim on which relief may be granted. All of the plaintiff's claims against Mr. Hardy, "Legal Claims Adjudicator of the ARP,"[5] relate to the alleged inadequacies of the ARP, Mr. Hardy's alleged failures to properly enforce the ARP procedures, and his failure to answer plaintiff's letters. *See* Complaint [1] at ¶ 212-214; Tr. 22-23.[6] Plaintiff claims that Mr. Hardy's actions and/or omissions precluded and/or delayed his relief through the ARP process and delayed "his access to file sooner in this court." Complaint [1] at ¶ 213. The court has already dismissed plaintiff's claim for denial of access to the courts/legal materials and his claim that the ARP is inadequate, as set forth in its Order [77] dated September 28, 2007. Because the claims relating to Mr. Hardy have already been dismissed, defendant Larry Hardy should be dismissed from this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

**ELEVENTH AMENDMENT IMMUNITY**

Section 1983 Claims

The Moving Defendants claim that they are entitled to sovereign immunity because they are either MDOC officials, MDOC employees, or the State of Mississippi. Further, although defendants Captain Brenda Simms, an officer at SMCI; Captain Sharon Page, an officer at Central Mississippi Correctional Facility; and Captain Nina Enlers, Administrator at SMCI, are

---

[5]The court identifies Mr. Hardy's title as alleged in plaintiff's complaint.

[6]Transcript from Omnibus hearing on August 7, 2007, pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

4

not included as movants in the Motion to Dismiss [26] filed on June 6, 2007,[7] these defendants are also MDOC officials, and have affirmatively pled the defense of Eleventh Amendment immunity in their Answer [85]; therefore, defendants Simms, Page, and Enlers will be included in this court's analysis of Eleventh Amendment immunity.

The Eleventh Amendment to the U.S. Constitution "bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 336 (5th Cir. 2002) (citing U.S. Const. amend. XI). The State of Mississippi has not consented to this suit, and Congress has never acted to abrogate Eleventh Amendment immunity for purposes of a Section 1983 action. *See Quern v. Jordan*, 550 U.S. 332, 338-41 (1979); *Voisin's Oyster House, Inv. v. Guidry*, 799 F.2d 183, 186 (5th Cir. 1986) ("Section 1983 does not override the Eleventh Amendment bar."). Accordingly, the State of Mississippi is entitled to Eleventh Amendment immunity from plaintiff's claims brought under Section 1983 for both monetary damages and injunctive relief. *See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (Eleventh Amendment immunity bars suits against states and their agencies "regardless of the relief sought"); *Cozzo v. Tangipahoa Parish Council--President Government*, 279 F.3d 273, 280-81 (5th Cir. 2002) ("When a state agency is a named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity"); *see also* Miss. Code Ann. § 11-46-5(4) ("Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."); *Brady v. Michelin Reifenwerke*,

---

[7]Defendants Simms, Page, and Enlers were not properly served, and therefore, not before the court at the time the Moving Defendants filed the instant Motion to Dismiss [26]. The Motion [26] was filed on June 6, 2007, and these defendants were not properly served with process until October 5, 2007. *See* Summons Returned Executed [107].

613 F. Supp. 1076, 1079-81 (S.D. Miss. 1985) ("Mississippi's newest immunity enactments unequivocally preserve the state's desire to stay out of the federal courts. This Court thus holds that the record is clear that Mississippi did not intend to waive its eleventh amendment immunity.")

Eleventh Amendment immunity also "extends to any state agency or entity deemed an 'alter ego' or 'arm' of the state." *Perez*, 307 F.3d at 336. Likewise, such immunity applies to state officers and employees. *See Brady*, 613 F. Supp. at 1080. In determining whether the MDOC is an "arm of the state" for purposes of sovereign immunity, the Fifth Circuit has established the following six factors to consider:

> (1) whether state statutes and case law view the entity as an arm of the state; (2) the source of the entity's funding; (3) the entity's degree of local autonomy; (4) whether the entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has the authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property.

*Perez*, 307 F.3d at 326-27. Not all of the factors must be satisfied; "the factors simply provide guidelines for courts to balance the equities and determine if the suit is really one against the state itself." *Id.* at 327.

Considering the first factor, the MDOC is considered an arm of the state by state statute. *See* Miss. Code Ann. § 47-5-1 *et. seq.*; *see also Scott v. MDOC*, No. 2:05cv2159-KS-JMR, 2006 WL 1666258, at *2 (S.D. Miss. June 12, 2006) ("The MDOC is an agency of the State of Mississippi as created by the statutes thereof . . . ."). Second, the MDOC is funded by the State. *See* http://www.mdoc.state.ms.us/division_of_administration.htm ("MDOC is appropriated funds each fiscal year (July 1 - June 30) by the Mississippi Legislature."). As for the fourth factor, the MDOC is responsible for the confinement of prisoners throughout the State of Mississippi,

including three state prisons, eleven regional facilities, and six private prisons.[8]  Regarding the fifth factor, the MDOC apparently has the authority to sue and be sued in its own name.  *See, e.g.*, *Scott v. MDOC*, 2006 WL 1666258; *MDOC v. Tuttle*, No. 2006-CC-01485-COA, 2007 WL 2994336 (Miss. Ct. App. Oct. 16, 2007).  Finally, considering the sixth factor, the MDOC is authorized to hold and use property.  *See* Miss. Code Ann. § 47-5-5 (stating that the MDOC Commissioner "is authorized to receive and disburse private and public grants, gifts and bequests which may be available to this state for correctional facilities . . . which said sum so received shall be subject to all of the laws applicable to the State Fiscal Management Board").  Considering the factors set forth above, the court finds that the MDOC is an arm of the State of Mississippi for purposes of Eleventh Amendment immunity.

Moreover, "[f]or purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents."  *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted).  Accordingly, plaintiff's claims against Mr. Epps, Mr. Sparkman, Mr. Ron King, Mr. Kelly, Ms. Bingham, Mr. Holmes, Mr. Davis, Ms. Bonner, Ms. Simms, Ms. Page, and Ms. Enlers are in effect claims against the MDOC.  Because the State of Mississippi is entitled to Eleventh Amendment immunity from plaintiff's claims asserted under Section 1983, and the MDOC is an arm of the State for purposes of Eleventh Amendment immunity, the aforementioned MDOC employees and officials are also entitled to immunity from plaintiff's claims against them in their *official* capacities.

However, the MDOC officials and/or employees are only entitled to sovereign immunity in their official capacities for monetary damages, and not for prospective injunctive relief.  The

---

[8] *See* http://www.mdoc.state.ms.us/division_of_institutions.htm.

7

doctrine of *Ex parte Young*[9] is an exception to the general prohibition of the Eleventh Amendment, which allows suits for prospective injunctive or declaratory relief against state officials in their official capacity.  *See Verizon Maryland, Inc. v. Public Serv. Comm'n*, 535 U.S. 635, 645 (2002) (holding that the *Ex parte Young* exception applied to the Eleventh Amendment bar for claims for injunctive relief against defendants in their official capacities); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-06 (1984); *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004) (stating that Eleventh Amendment immunity generally precludes actions against state officials in their official capacity, subject to the *Ex parte Young* exception).  Moreover, Eleventh Amendment immunity does not apply to plaintiff's claims for monetary damages against these defendants in their *individual* capacities.  *See Hafer v. Melo*, 502 U.S. 21, 30-31 (1991) (internal citations omitted) (stating that "the Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal liability' on state officials under § 1983"); *Gibson v. Federal Bureau of Prisons*, 112 Fed. Appx. 549, 551 (5th Cir. 2004).

Notwithstanding the *Ex parte Young* exception for prospective injunctive relief, plaintiff's claims under Section 1983 against the MDOC officials and employees in their official capacities should be dismissed because neither the State nor its officials acting in their official capacities are considered "persons" withing the meaning of Section 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Scott v. MDOC*, No. 2:05cv2159-KS-JMR, 2006 WL 1666258, at *2 (S.D. Miss. June 12, 2006).

ADA Claims

Eleventh Amendment immunity does not bar plaintiff's claims against the defendants

---

[9]*Ex parte Young,* 209 U.S. 123 (1908).

under the ADA because Congress clearly intended to abrogate the States' Eleventh Amendment immunity in passing Title II of the ADA.[10]  *See* 42 U.S.C. § 12202 ("A State shall not be immune under the eleventh amendment . . . from an action in Federal or State court of competent jurisdiction for a violation of this chapter."); *Tennessee v. Lane*, 541 U.S. 509, 518 (2004).

## CONCLUSION

For the reasons stated above, the court finds that defendants' Motion to Dismiss [26] is GRANTED in part and DENIED in part as follows: the State of Mississippi is entitled to Eleventh Amendment immunity from plaintiff's claims under Section 1983 for both monetary damages and injunctive relief; the MDOC officials and employees identified herein[11] are entitled to Eleventh Amendment immunity from plaintiff's claims against them under Section 1983 in their official capacities for monetary relief; and that Eleventh Amendment immunity does not apply to plaintiff's claims brought against the defendants under the ADA.

The court further finds that plaintiff's claims under Section 1983 against these MDOC officials and employees in their official capacities should be dismissed because they are not considered "persons" within the meaning of Section 1983.

The court further finds that defendant Larry Hardy should be dismissed from this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

IT IS, THEREFORE, ORDERED:

1. That defendant Larry Hardy should be dismissed from this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2);

2. That the following claims are dismissed with prejudice: a) plaintiff's Section

---

[10] The Motion to Dismiss [26] does not address plaintiff's ADA claims.

[11] Mr. Epps, Mr. Sparkman, Mr. Ron King, Mr. Kelly, Ms. Bingham, Mr. Holmes, Mr. Davis, Ms. Bonner, Ms. Simms, Ms. Page, and Ms. Enlers.

       1983 claims against the State of Mississippi; b) plaintiff's Section 1983 claims against the MDOC officials and employees[12] identified herein in their official capacities;

3. That the remaining claims against defendants Mr. Epps, Mr. Sparkman, Mr. Ron King, Mr. Kelly, Ms. Bingham, Mr. Holmes, Mr. Davis, Ms. Bonner, Ms. Simms, Ms. Page, and Ms. Enlers are as follows: a) plaintiff's Section 1983 claims against these defendants in their individual capacities, and b) plaintiff's ADA claims.

4. That the remaining claim against the State of Mississippi is plaintiff's ADA claim.

SO ORDERED this the 12th day of February, 2008.

                                          s/ Michael T. Parker
                                          United States Magistrate Judge

---

[12]*See* footnote 11.