IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

PAUL GRAHAME MORGAN                                                                       PLAINTIFF

VS.                                                                        CIVIL ACTION NO. 2:07cv15-MTP

STATE OF MISSISSIPPI, *et al.*                                                        DEFENDANTS

### ORDER DENYING TEMPORARY RESTRAINING ORDER

THIS MATTER is before the court on Plaintiff's Motion for a Preliminary Injunction or Temporary Restraining Order [199]. The court, having considered the submissions of the parties and the applicable law, finds that the Motion [199] should be DENIED.

In his Motion [199], Plaintiff claims that during a facility-wide search on August 20, 2008, his locker was searched and he was informed by a sergeant that he had too much legal material. The sergeant informed Plaintiff that he could only have six inches of legal work, and he had two days to get rid of the excess or she would get rid of it for him, and he would receive a Rule Violation Report. Plaintiff claims he needs seventeen inches of legal materials, including books, manuals, rules, pleadings, medical records, etc., in order to adequately prosecute this action.

Plaintiff seeks the following injunctive relief: an order compelling SMCI staff to allow him to keep seventeen inches of legal work in his locker; and an order prohibiting SMCI from transferring Plaintiff to another bed or facility. Plaintiff alleges that he meets the requirements necessary to obtain injunctive relief. Conversely, Defendants claim that Plaintiff has failed to prove the elements necessary to obtain injunctive relief. *See* Response [203].

A party requesting a temporary restraining order or preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a

substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and 4) the injunction must not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 n.15 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune,* 534 F.2d 1115, 1121 (5th Cir. 1976).

The court finds that Plaintiff has failed to demonstrate a substantial likelihood of success on the merits and has failed to make a clear showing of irreparable harm. "Prison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order." *McCord v. Maggio*, 910 F.2d 1248, 1251 (5th Cir. 1990); *see also Bell v. Wolfish*, 441 U.S. 520, 547-48 (5th Cir. 1979) (holding that it is well-settled that prison officials are given wide latitude in the day-to-day operations of the prison system, and the courts are reluctant to interfere unless presented with substantial evidence of patently unreasonable conduct). Accordingly, this court will not interfere with MDOC's policy that inmates are only allowed to keep six inches of legal material.[1] Further, regarding Plaintiff's request for an order preventing SMCI from transferring him to another bed or unit, the Plaintiff has no constitutional right to be incarcerated in a certain facility. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Steward v. Kelly*, No. 06CV1-P-B, 2006 WL 3825236, at *4 (N.D. Miss. Dec. 27, 2006); *Ready v. Fleming*, No. CIV. A. 4:02-CV-056-Y, 2002 WL 1610584, at *3 (N.D. Tex. July 19, 2002).

---

[1] Plaintiff's motion in no way justifies the need to possess a stack of legal material almost a foot and a half thick at all times.

Based on the foregoing, Plaintiff is not entitled to the extraordinary remedy of injunctive relief.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for a Preliminary Injunction or Temporary Restraining Order [199] is DENIED.

SO ORDERED this the 27th day of August, 2008.

s/ Michael T. Parker
United States Magistrate Judge