IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**PAUL GRAHAME MORGAN**                                                                         **PLAINTIFF**

**V.**                                                                                **CIVIL ACTION NO. 2:07cv15-MTP**

**STATE OF MISSISSIPPI,** *et al.*                                                                **DEFENDANTS**

### ORDER

THIS MATTER is before the court on the Plaintiff's Motion for Appointment of Expert Witnesses and Request to Conduct Admissions to Defendants [202]. The court, having considered the submissions of the parties and the applicable law, finds that the Motion [202] should be denied.

In his Motion [202], Plaintiff requests the court to appoint expert witnesses on his behalf pursuant to Federal Rule of Evidence 706(a), in order to "validate, rebut defenses claims, expound the exact treatment due plaintiff, and how not following such needed treatment harms the plaintiff." Plaintiff is apparently requesting experts in the following fields: neuropathy, urology, dermatology, and orthopedics.

"Rule 706 contemplates the appointment of an expert to aid the court[,]" not for the Plaintiff's benefit. *Hannah v. United States*, 523 F.3d 597, 600 (5th Cir. 2008). At this time, the court does not find it necessary to appoint experts in this matter. Moreover, although Plaintiff is proceeding *pro se* and *in forma pauperis* under 28 U.S.C. § 1915, Fifth Circuit precedent establishes that "'[t]he plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant.'" *Hannah*, 523 F.3d at 601 (quoting *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995)).

Plaintiff also asks the court for leave to serve requests for admissions on the Defendants. Plaintiff acknowledges that the discovery deadline has passed, but claims he needed to wait until he received the Defendants' interrogatory responses before he propounded requests for admission. He claims that such requests for admission would serve to verify documents and such "to save the court time in the future of this cause." Motion [202] at ¶ 8.

Because the discovery deadline has passed, Plaintiff's request to propound requests for admission is denied. This matter has been pending for over a year, and Plaintiff has had ample time to propound requests for admission to Defendants. The court is aware of no authority which required Plaintiff to receive Defendants' responses to interrogatories before he propounded his requests for admission. Moreover, while the court appreciates Plaintiff's attempt to save its time and resources, requests for admission are not required to verify documents. If appropriate, the parties may stipulate to the authenticity of certain documents at trial. Additionally, questions or issues regarding the authenticity of records may be addressed in the pretrial order and at the pretrial conference.

IT IS, THEREFORE, ORDERED:

That Plaintiff's Motion for Appointment of Expert Witnesses and Request to Conduct Admissions to Defendants [202] is DENIED.

SO ORDERED this the 28th day of August, 2008.

s/ Michael T. Parker
United States Magistrate Judge