PAUL GRAHAME MORGAN                                                    PLAINTIFF

V.                                                   CIVIL ACTION NO. 2:07cv15-MTP

STATE OF MISSISSIPPI, *et al.*                                       DEFENDANTS

## ORDER AMENDING OPINION AND ORDER [120]

THIS MATTER is before the court *sua sponte* for reconsideration and amendment of its previous Opinion and Order [120]. On or about February 12, 2008, this court entered an Order [120] granting in part and denying in part the state Defendants' Motion to Dismiss [26]. Having further considered the matter, the court finds that the Order [120] shall be amended for the reasons set forth below.

In its Order [120], the court found, in part, that Plaintiff's claims under Section 1983 against the MDOC officials and employees[1] in their official capacities should be dismissed because neither the state nor its officials acting in their official capacities are considered "persons" within the meaning of Section 1983. *See* Opinion and Order [120] at 8; *see also Scott v. MDOC*, No. 2:05cv2159-KS-JMR, 2006 WL 1666258, at *2 (S.D. Miss. June 12, 2006). However, the Supreme Court has recognized an exception for claims for injunctive relief. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'") (internal citations and quotations omitted). Accordingly, the portion of the court's Opinion and

---

[1]The MDOC officials and employees to which the court applied this holding are: Mr. Epps, Mr. Sparkman, Mr. Ron King, Mr. Kelly, Ms. Bingham, Mr. Holmes, Mr. Davis, Ms. Bonner, Ms. Simms, Ms. Page, and Ms. Enlers.

Order [120] stating that the MDOC officials and employees in their official capacities should be

dismissed because neither the state nor its officials acting in their official capacities are

considered "persons" withing the meaning of Section 1983 is hereby withdrawn.  Accordingly,

IT IS, THEREFORE, ORDERED:

1.      That the court's Opinion and Order [120] is hereby amended as set forth below.

2.      Plaintiff's claims under Section 1983 **for injunctive relief** against the MDOC

officials and employees[2] in their **official capacities** remain pending and will

proceed to trial.[3]

3.      The remaining holdings set forth in this court's Opinion and Order [120] remain in

force.[4]

SO ORDERED this the 16th day of June, 2009.


                                    s/ Michael T. Parker
                          _____
                                    United States Magistrate Judge


------------------------------------------

[2]*See* n.1.

[3]Plaintiff's claims under Section 1983 **for monetary relief** against the MDOC officials
and employees in their official capacities are properly dismissed. The exception set forth in *Will
v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10, only applies to claims for injunctive
relief.

[4]This amendment does not disturb the court's dismissal of Plaintiff's Section 1983 claims
against the State of Mississippi.  Even if the State of Mississippi is a "person" for purposes of
Plaintiff's claims under Section 1983 for injunctive relief, the state is still subject to dismissal
based on Eleventh Amendment Immunity.  *See* Opinion and Order [120].  The *Ex Parte Young*
doctrine does not apply to the state itself.  *See Aguilar v. Texas Department of Criminal Justice*,
160 F.3d 1052, 1054 (5th Cir. 1998) ("To meet the *Ex Parte Young* exception, a plaintiff's suit
alleging a violation of federal law must be brought against individual persons in their official
capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature
and prospective in effect.").

Plaintiff's Section 1983 claims against the MDOC officials and employees their
individual capacities remain pending.  *See* Opinion and Order [120].