# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**PAUL GRAHAME MORGAN, #53437**                                                       **PLAINTIFF**

**V.**                                                **CIVIL ACTION NO. 2:07cv15-MTP**

**STATE OF MISSISSIPPI,** *et al.*                                                    **DEFENDANTS**

## ORDER

THIS MATTER is before the court on Motion [243] to Strike Plaintiff's Response and Objections [242] to Document [240] filed by Correctional Medical Services, Inc. ("CMS"), Nurse Ruthie Hall, Dr. John Bearry, Dr. Risher Watts, Dr. Rochel Walker, Dr. Patrick Arnold, and Bobby King (sometimes collectively referred to as the "CMS Defendants"). The court, having considered the motion and the applicable law, finds that the Motion [243] should be GRANTED.

On June 8, 2009, the court entered an Order [240] granting the Motion for Summary Judgment [216] filed by the CMS Defendants. On June 22, 2009, Plaintiff filed his Response and Objections [242] to the court's Order [240]. In his Response [242], Plaintiff states that his purpose in filing the pleading is to preserve all of his objections for a Rule 60(b) motion to be filed in the future and for appeal to the Fifth Circuit.

On June 23, 2009, the CMS Defendants filed the instant Motion to Strike [243], claiming Plaintiff's Response and Objections [242] is an improper pleading and is not authorized under the Federal Rules of Civil Procedure and the Local Rules of this court. This court agrees with the CMS Defendants and finds that the pleading should be stricken.

All parties consented to trial by the undersigned U.S. Magistrate Judge and the case was referred to undersigned to conduct all proceedings and for the entry of judgment. *See* Docket

Entries [61][63][97][104][109][119][121][178]. Accordingly, Plaintiff may not file objections to the court's Opinion and Order [240] under Fed. R. Civ. P. 72(b)(2). Rather, if Plaintiff is not satisfied with the court's rulings, the proper procedure would be to appeal to the Fifth Circuit Court of Appeals after the entry of a final judgment or as otherwise appropriate. *See* Fed. R. Civ. P. 73(c). No final judgment has been entered in this matter. Further, Plaintiff's Response and Objections [242] is unnecessary and not required to preserve his rights on appeal.

To the extent Plaintiff seeks relief under Rule 60(b) through his pleading [242], such relief should be denied. Federal Rule of Civil Procedure 60(b) provides in part as follows:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) only applies to "final" orders or judgments by its express language. *Fowler v. First Chem. Corp.*, No. 2:05cv16-KS-MTP, 2006 WL 2423043, at *2 (S.D. Miss. Aug. 21, 2006) (holding that plaintiff could not move for relief under Rule 60(b) because the order denying plaintiff's motion to remand was not a "final" order). "A final judgment is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Fowler*, 2006 WL 2423043, at *2 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)).

2

This court's Order [240] granting the Motion for Summary Judgment [216] filed by the CMS Defendants was not a "final order," since it did not dispose of the entire action on its merits. To the contrary, a number of claims and parties remain in this action. Accordingly, Plaintiff is not entitled to relief from the court's Order [240] under Rule 60(b).

Further, to the extent Plaintiff seeks relief under Rule 59(e) through his pleading [242], such relief should be denied. This court enjoys the inherent power to "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). Generally, "motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure."[1] *McDonald v. Entergy Operations, Inc.*, No. 5:03cv241BN, 2005 WL 1528611, at *1 (S.D. Miss. 2005). This court has "considerable discretion" in deciding whether to grant a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, granting a motion for reconsideration "is an extraordinary remedy and should be used sparingly." *In re Pequeno*, 240 Fed. Appx. 634, 636 (5th Cir. 2007) (quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)).

A motion to reconsider is not "intended to give an unhappy litigant one additional chance to sway the judge[,]" *McDonald*, 2005 WL 1528611, at *1 (citations omitted), and its purpose "is not to re-debate the merits of a particular motion." *W.C. Bulley v. Fidelity Financial Servs. Of*

---

[1] Rule 59(e) is not technically applicable to Plaintiff's pleading [242] since the Order [240] was not a final "judgment." *See* Fed. R. Civ. P. 54; 59(e). However, several district courts within the Fifth Circuit have applied the legal standards set forth in Rule 59(e) to motions to reconsider interlocutory orders. *See W.C. Bulley v. Fid. Fin. Servs. of Miss., Inc.*, No. 3:00cv522-BN, 2000 WL 1349184, at *2 (S.D. Miss. Sept. 8, 2000); *Goldman*, 2006 WL 861016, at *1; *Martinez v. Bohls Equip.Co.*, No. SA-04-CA-0120-XR, 2005 WL 1712214, at *1 (July 18, 2005). Accordingly, the court will apply the same standard to the Plaintiff's objections [242], to the extent the pleading is construed as a motion to reconsider.

*Miss., Inc.*, No. 3:00cv522-BN, 2000 WL 1349184, at *3 (S.D. Miss. Sept. 8, 2000). Indeed, "[i]f a party is allowed to address a court's reasons as to why a motion was or was not granted, it would render the entire briefing process irrelevant and lead to endless motions to reconsider." *Id.* There are only three grounds for which this court may grant a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *W.C. Bulley*, 2000 WL 1349184, at *2 (citations omitted). If one of these three grounds is not present, the court must deny the motion. *Id.* at *3.

Plaintiff has cited to no change in controlling law or clear error of law. Further, Plaintiff has not submitted any new evidence, but merely rehashes the arguments set forth in his previous pleadings submitted in opposition to the Motion [216]. Thus, Plaintiff is not entitled to relief from the court's Order [240] under Rule 59(e). Accordingly,

IT IS, THEREFORE, ORDERED:

1. That the CMS Defendants' Motion [243] to Strike Plaintiff's Response and Objections [242] to Document [240] is GRANTED.

2. To the extent Plaintiff's pleading [242] seeks relief under Fed. R. Civ. P. 59(e) or 60(b), such relief is DENIED.

SO ORDERED this the 23rd day of June, 2009.

s/ Michael T. Parker  
United States Magistrate Judge