IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

PAUL GRAHAME MORGAN, #53437                             PLAINTIFF

v.                                  CIVIL ACTION NO. 2:07-cv-15-MTP

STATE OF MISSISSIPPI, et al.                           DEFENDANTS

**ORDER**

THIS MATTER is before the court on the Motions *In Limine* [257][263] filed by the Defendants. Having considered the submissions of the parties and the applicable law, the court finds that the motions should be denied.

In their motions, Defendants claim that Plaintiff should be precluded from offering evidence regarding the Defendants' alleged violations of the Americans with Disabilities Act ("ADA") because the Defendants are not "public entities" within the meaning of Title II of the ADA. They claim that such evidence is irrelevant, inadmissable and highly prejudicial.

During the pretrial conference in this matter, Plaintiff withdrew his right to jury trial and the parties consented to a bench trial. *See* Withdrawal of Request for Jury Trial [259]; Pretrial Order [262]. Without a jury, the motions *in limine* would serve no real purpose.[1] *See* 75 Am. Jur. 2d *Trial* § 45 (West 2009) (stating "the use of a motion in limine to exclude evidence in a case tried by the court without a jury has been

---

[1]The court is mindful that the Wexford Defendants' Motion *In Limine* [257] was filed prior to the withdrawal of request for jury trial.

disapproved on the grounds that it can serve no useful purpose in a nonjury case"); Fed. R. Evid. 103(c) ("In jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury.").

Moreover, a motion *in limine* cannot be a substitute for a motion for summary judgment, a motion to dismiss, or a motion for directed verdict. *See* 21 Charles Alan Wright & Kenneth W. Graham, Jr., *Fed. Prac. & Proc* § 5037.18 (2d ed. West 2009) (stating "the preexisting caselaw provides ammunition against those who would use the motion in limine as a substitute for a motion for summary judgment or other peremptory ruling in civil cases"); 75 Am. Jur. 2d *Trial* § 44 (West 2009) (stating that the "use of motions in limine to summarily dismiss a portion of a claim has been condemned, and the trial courts are cautioned not to allow motions in limine to be used as...motions for summary judgment or motions to dismiss...[or] to perform the function of a directed verdict"); *In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2009 WL 982104, at *5 (E.D. La. Apr 13, 2009) (finding that the use of a motion *in limine* was prohibited where "the very basis for the motion in limine require[d] a finding with regard to causation which would have to be the subject of a motion for summary judgment which is untimely").

The court concludes that the Defendants' Motions [257][263] are more in the nature of untimely motions for summary judgment on the Plaintiff's ADA claims. Moreover, the motions are unnecessary as this matter is set for a bench trial. The motions

will, therefore, be denied. However, in the event that Plaintiff fails to prove the requisite elements of the claims he asserts, Defendants may renew or re-urge their arguments at trial as appropriate.

IT IS, THEREFORE, ORDERED:

That Defendants' Motions *in Limine* [257][263] are denied.

SO ORDERED this the 8th day of October, 2009.

                                                    s/Michael T. Parker
                                                    United States Magistrate Judge